Douglas Q. Hahn, State Bar No. 257559
  dhahn@sycr.com
Salil Bali State Bar No. 263001
  sbali@sycr.com
Arnold V. Mina, State Bar No. 276576
  amina@sycr.com
STRADLING YOCCA CARLSON & RAUTH
A Professional Corporation
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone: (949) 725-4000
Fax: (949) 725-4100

Attorneys For Plaintiff
AS ONE, LLC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AS ONE, LLC, a California Limited Liability Company,<br><br>                Plaintiff,<br><br>         v.<br><br>EKAM YOGA AND WELLNESS, LLC, a California Limited Liability Company and KORY SHEFFER, an individual,<br><br>                Defendants. | Case No.:  3:17-cv-07140<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND CYBERPIRACY; DEMAND FOR JURY TRIAL** |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

DOCSOC/1864988v1/102671-0000

Plaintiff, As One, LLC, ("Plaintiff" or "As One") by and through its attorneys, for its Complaint against Defendants Ekam Yoga And Wellness, LLC ("EYW") and Kory Sheffer ("Sheffer") (collectively "Defendants"), hereby alleges as follows:

## THE PARTIES

1. Plaintiff As One, LLC is, and at all times pertinent to this action has been, a limited liability company duly organized and existing under the laws of the State of California, and having its principal place of business in Newport Beach, California.

2. On information and belief, Defendant Ekam Yoga and Wellness, LLC, is a limited liability company duly organized and existing under the laws of the State of California, with its principal place of business at 1115 Jordan Lane, Napa, California 94558.

3. On information and belief, Defendant Kory Sheffer is an individual who is a California resident with a principal residence in Napa, California and a place of business at 1115 Jordan Lane, Napa, California 94558. On information and belief, Sheffer was and is a moving, active, conscious force behind EYW's infringement of As One's trademark and associated rights.

## JURISDICTION AND VENUE

4. This is a civil action arising under the laws of the United States relating to trademarks (15 U.S.C. Sections 1114(1) and 1125(a) and (d)). This Court has federal question jurisdiction over all Counts pursuant to 28 U.S.C. Sections 1331 and 1338(a) and (b).

5. This Court has personal jurisdiction over Sheffer pursuant to California Code of Civil Procedure §410.10. As One is informed and believes, and thereon alleges, that Defendant is resident of the State of California, has engaged in

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

DOCSOC/1864988v1/102671-0000

1
COMPLAINT

business activities in California, and tortious acts by Sheffer complained of in this Complaint have been committed within the State of California.

6. Venue in this Judicial District is proper under 28 U.S.C. Section 1391, given that a significant portion of the acts and transactions complained of herein were conceived, carried out, made effective, and had effect within the State of California and this Judicial District.

## NATURE OF THE ACTION

7. In this action, Plaintiff seeks injunctive relief, lost profits, damages and attorneys' fees for Sheffer's acts of trademark infringement under 15 U.S.C. § 1114 et seq., unfair competition and false designation of origin under 15 U.S.C. § 1125(a) and cybersquatting pursuant to 15 U.S.C. §1125(d).

## GENERAL ALLEGATIONS

8. As One, LLC operates a physical fitness and yoga studio in Newport Beach, California under the name EKAM.

9. As One is the owner of the EKAM mark, U.S. Trademark Registration No. 4,511,936, registered on April 8, 2014, for use in connection with "Physical fitness studio services, namely, providing individual and group instruction in exercise, fitness, yoga, pilates, meditation and nutrition; Providing training, workshops and recreational retreats to individuals and groups to help them make improvements in their daily health and living". A copy of Plaintiff's U.S. Trademark Registration No. 4,511,936 is attached hereto as **Exh. A**.

10. As One began using its EKAM trademark in commerce at least as early as January 1, 2014.

11. As One's use of its EKAM mark has been open, notorious, and continuous.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-2-
COMPLAINT

DOCSOC/1864988v1/102671-0000

12. As part of Plaintiff's efforts to advertise and promote its physical fitness and yoga services, As One registered and created its website, www.ekam-yoga.com, on June 5, 2013. Screenshots of the website and a copy of the Whois domain name registration information are attached hereto as **Exh. B**.

13. The EKAM mark is distinctive and identifies EKAM as the single source of origin of the physical fitness and yoga services marketed and provided in connection therewith. Attached as **Exh. C** is a photo of plaintiff's EKAM Yoga studio in Newport Beach, California.

14. Since at least 2014, As One has spent significant time, energy and expense building up the good will and value of its EKAM mark.

15. Without the authorization or consent of As One, LLC, and after As One began to use and had built up extensive and valuable business and good will in connection with the EKAM mark, Defendants began using the confusingly similar "EKAM YOGA & WELLNESS" designation in connection with yoga instruction services.

16. On information and belief, Defendants have been using and continue to use the name "EKAM YOGA & WELLNESS" to promote and provide Sheffer's yoga instruction services. Attached as **Exh. D** are screenshots of Defendants' website, www.ekamyogaandwellness.com and photos of their Napa Valley yoga studio.

17. On information and belief, Sheffer registered the domain name www.ekamyogaandwellness.com with Tucows Domains, Inc. on March 26, 2015. A copy of the Whois domain registration information is attached hereto as **Exh. E**.

18. On information and belief, Defendants seek to capitalize on the strength and reputation of Plaintiff's EKAM mark, by registering, trafficking in or using the domain www.ekamyogaandwellness.com which is substantively and confusingly similar to the distinctive EKAM mark with bad faith intent to profit.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-3-
**COMPLAINT**

DOCSOC/1864988v1/102671-0000

19. On information and belief, Defendants' use of a domain which is confusingly similar to Plaintiff's registered trademark directs consumers to Defendants' website where such consumers are misled as to the origin, sponsorship or approval of the goods and services marketed and offered through the www.ekamyogaandwellness.com website, and are deceived as to Sheffer's affiliation, connection or association with EKAM.

20. On information and belief, Defendants were or became aware of As One and its trademark rights before Defendants launched their yoga instruction services and adopted the 'EKAM YOGA & WELLNESS' designation.

21. As One is informed and believes, and on that ground alleges, that Defendants adopted the confusingly similar 'EKAM YOGA & WELLNESS' designation with knowledge of As One's trademark rights and with the intent to deceive consumers and to cause confusion among consumers for the purpose of misappropriating and benefiting from the goodwill and public recognition associated with EKAM.

22. On information and belief, both As One and Defendants offer yoga instruction services which are identical in scope.

23. On information and belief, both As One and Defendants market and promote their yoga instruction services in nearly identical ways including through their website, review sites and social media.

24. The 'EKAM YOGA & WELLNESS' designation is sufficiently identical to the EKAM trademark in sight, sound, connotation and commercial impression that its use in the sale and marketing of Defendants' yoga instruction services to the same class of customers, through the same or similar channels of trade is likely to cause and has caused consumer confusion.

25. On information and belief, consumers often refer to Defendants' yoga studio as 'Ekam Yoga.'

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-4-
**COMPLAINT**

DOCSOC/1864988v1/102671-0000

26. On information and belief, the logo employed by Defendants in association with their yoga instruction services separates 'EKAM' from 'Yoga & Wellness' such that the 'EKAM' portion make a far greater commercial impression. As shown on their website, a copy of Defendants' Ekam Yoga & Wellness' logo is attached hereto as **Exh. F**.

27. On information and belief, Sheffer is the founder, owner and creative force behind Defendant EYW. On information and belief, Sheffer actively and knowingly participated in and directed in EYW's willful adoption of the 'EKAM YOGA & WELLNESS' designation.

28. On information and belief, Defendants knew or should have known of As One's trademark rights to EKAM mark prior to adopting the 'EKAM YOGA & WELLNESS' designation on its yoga studio and on its website, and that use of this designation is confusingly similar.

29. The aforementioned acts by Defendants have caused, and will continue to cause, actual confusion and a likelihood of confusion in the minds of the public, and have damaged and will further damage As One's reputation for exclusivity in connection with its EKAM mark.

30. Upon learning of Defendants' infringing use of the 'EKAM' designation, on or around June 22, 2017. As One sent a Cease and Desist letter to Sheffer requesting that Defendants discontinue all use of the 'EKAM' designation and informed them of As One's use since January 2014 and of its existing federal trademark registration. A copy of As One's Cease and Desist Letter is attached hereto as **Exh. G**.

31. On July 7, 2017, Defendants, through their counsel, responded to As One's Cease and Desist letter asserting that Plaintiff's mark is highly descriptive of yoga studios and services, in utter disregard to the presumption of validity afforded to Plaintiff's federally registered trademark.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-5-
**COMPLAINT**

DOCSOC/1864988v1/102671-0000

32. On September 12, 2017, As One sent a second Cease and Desist letter to Defendants reiterating that Defendants respect As One's federally trademark registration for EKAM, and for Defendant to transition to a different name or mark. A copy of As One's second Cease and Desist Letter is attached hereto as **Exh. H**.

33. On September 20, 2017, Defendants, through their counsel, replied to As One's second Cease and Desist letter maintaining that Plaintiff's mark is highly descriptive and reiterated their threat to challenge Plaintiff's right to use and register the EKAM mark.

## COUNT I
## INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK
## (LANHAM ACT §32)

34. As One repeats and realleges each and every allegation contained in paragraphs 1 through 33 hereof as if fully stated herein.

35. By virtue of Defendants' conduct, Defendants have used and are using a spurious term in connection with the advertising, marketing, and offering of yoga instruction services, which are identified with the EKAM mark used by As One.

36. As One's services are offered and advertised to the same or similar classes of customers as Defendants.  As a result of Defendants' conduct, there is a strong likelihood of confusion, mistake, or deception, and many persons familiar with As One's EKAM mark, its reputation and favorable good will, are likely to purchase Defendants' services in the mistaken belief that such services are related to, offered or authorized by As One.

37. Defendants' actions have been and are willful, unfair, false and deceptive, in that they tend to mislead, deceive and confuse, and have had and will have the result of misleading, deceiving and confusing the public to believe that Defendants' services are affiliated with, sponsored or controlled by Plaintiff.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-6-
COMPLAINT

DOCSOC/1864988v1/102671-0000

38. As a consequence, Defendants have traded and are trading upon, and have gained and are gaining public acceptance and other benefits from, As One's favorable reputation and valuable good will, which have accordingly been placed at risk and damaged by Defendants' illegal actions and conduct.

39. The foregoing actions of Defendants constitute trademark infringement by inducing the erroneous belief that Defendants' and/or its services are in some manner affiliated with, originate from, or are sponsored by As One in violation of Lanham Act § 32, 15 U.S.C. §1114.

40. As One is informed and believes, and on that ground alleges, that Defendants have made and/or will make unlawful gains and profits from their unlawful actions as alleged herein, and by reason thereof, As One has been deprived of gains and profits which otherwise would have inured to As One but for such unlawful actions.

41. As One has no adequate remedy at law for the injuries alleged in this Count. The injury is, in part, intangible in nature and not capable of being fully measured or valued in terms of money damages. Further, the injury is of a continuing nature and will continue to be suffered so long as Defendants continue their wrongful conduct.

42. Notwithstanding the inadequacy of, and the difficulty of presently fully ascertaining the value of the damage to As One caused by Defendants' wrongful conduct, said conduct has resulted in irreparable, direct and proximate damages to As One and As One is entitled to injunctive relief under 15 U.S.C. Section 1116(a).

///

///

///

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-7-

**COMPLAINT**

DOCSOC/1864988v1/102671-0000

# COUNT II

## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
## (LANHAM ACT §43(a))

43. As One repeats and realleges each and every allegation contained in paragraphs 1 through 42 hereof as if fully stated herein.

44. This claim arises under Section 43(a) of the Lanham Act. Defendants' unauthorized use and continued use in interstate commerce of 'EKAM YOGA AND WELLNESS' constitutes use of a false designation of origin and a false description or representation that has caused and is likely to cause confusion, mistake or deception (a) as to the characteristics, qualities or origin of Defendants' services, (b) as to an affiliation, connection or association between As One and Defendants, and (c) as to the sponsorship or approval of Defendants' services by As One.

45. Such actions, as used in commercial advertising, have misrepresented and do misrepresent the nature, characteristics or qualities of Defendants' services and/or commercial activities.

46. Upon information and belief, Defendants have intentionally and falsely designated the origin of their services by adopting and using a term that is substantially the same as the EKAM trademark for its services so as to profit from As One's reputation by confusing the public as to the source, origin, sponsorship or approval of Defendants' services, with the intention of deceiving and misleading the public at large, and of wrongfully trading on the goodwill and reputation of As One.

47. The activities of Defendants' complained of herein have caused and, unless enjoined, will continue to cause substantial and irreparable harm to As One, its business reputation and its goodwill, for which As One is without adequate remedy at law. Such activities have also caused As One monetary loss and damage including, but not limited to, the loss of profits in an amount not yet determined.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-8-
COMPLAINT

DOCSOC/1864988v1/102671-0000

48. Further, the injury is of a continuing nature and will continue to be suffered so long as Defendants continue their wrongful conduct. Notwithstanding the inadequacy of, and the difficulty of presently fully ascertaining, the value of the damage to As One caused by Defendants' wrongful conduct, As One is informed and believes, and on that ground alleges, that said conduct has resulted in irreparable, direct and proximate damages to Plaintiff.

### COUNT III
### CYBERPIRACY UNDER 15 U.S.C. 1125(d) OF THE ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT

49. As One repeats and realleges each and every allegation contained in paragraphs 1 through 48 as if fully stated herein.

50. Defendants' acts as described in this Complaint including registering, trafficking in or using the domain www.ekamyogaandwellness.com, which is substantially and confusingly similar to Plaintiff's distinctive EKAM mark, with a bad faith intent to profit, constitute cyberpiracy and/or cybersquatting in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125(d).

51. By reason of its illegal conduct, Defendants have and continues to wrongfully derive income and profits from these acts, and As One has sustained and will continue to sustain, substantial injury, loss and damage.

### PRAYER FOR RELIEF

**WHEREFORE**, As One demands judgment against Defendants as follows:

A. That Defendants' conduct infringes As One's EKAM mark, falsely designates the origin of Defendants' services, falsely describes such services, and unfairly competes with As One, all in violation of Lanham Act §§43(a) and 32, 15 U.S.C. §1125, and 15 U.S.C. §1114 et seq.

B.   That Defendants and their agents, officers, directors, servants, employees, attorneys, its successors and assigns, and all others in active concert or participation with Defendants be preliminarily and permanently enjoined from directly or indirectly:

   i.   Using As One's EKAM mark, or any other marks which are confusingly similar to or colorable imitations of As One's EKAM mark, including, without limitation, the term 'EKAM' alone or as part of or together with any other designs, word or words, trademark, service mark, trade name, trade dress or other business or commercial designation or any logo, symbol or design;

   ii.   Committing any act which, in and of itself, or from the manner or under the circumstances in which it is done amounts to false designation of origin, false description or false representation of Defendants' services; and,

   iii.   Otherwise unfairly competing with As One or misappropriating As One's intellectual property, including, but not limited to the EKAM mark.

C.   That the Court issue an Order directing Defendants to file with the Court and serve on Plaintiff, within thirty (30) days after the service on Defendants of such injunctions, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction.

D.   That the Court award judgment in favor of As One for the amount of either damages sustained by As One or the profits made by Defendants as a result of Defendants' wrongful conduct, whichever amount is greater, and damages in an amount necessary for As One to conduct corrective advertising to eliminate the confusion caused by Defendants' wrongful acts.

E.   That the Court award judgment in favor of As One in the amount of treble damages under 15 U.S.C. §1117, plus prejudgment interest.

F.   That the Court award statutory damages pursuant to 15 U.S.C. §1117(d), against Defendants of $100,000 or in an amount the Court otherwise considers just.

G.   That the Court award judgment against Defendants for the full costs of this action, including reasonable attorney fees.

H.   That the Court award to As One punitive damages sufficient to deter Defendants from committing such willful acts of infringement in the future.

I.   For interest on all amounts found to be due to As One from Defendants, at the prevailing rate, from the date said amounts or any part thereof became or become due.

J.   That the Court require Defendants to notify any parent, subsidiaries, investors, affiliated companies, commercial associates, advertising agencies, suppliers and customers of said Order.

K.   That the Court order such other, further and different relief as the nature of this action may require and that the Court deem just and proper.

L.   That the Court retain jurisdiction of this action for the purpose of enabling As One to apply to the Court, at any time, for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

## JURY DEMAND

As One hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on each and every cause of action asserted in its Complaint that is triable by jury.

DATED: December 15, 2017          STRADLING YOCCA CARLSON & RAUTH

By:   */s/ Douglas Q. Hahn*
Douglas Q. Hahn
Salil Bali
Arnold Mina

Attorneys for Plaintiff, As One, LLC

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-11-
**COMPLAINT**

DOCSOC/1864988v1/102671-0000